UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 18 2006

at __1__ o'clock and __10__ min __A__M
SUE BEITIA, CLERK

| | |
|---|---|
| CHRISTOPHER MACDONALD, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> KAHIKOLU LTD., dba Frogman Charters, <br><br> Defendant - Appellee. | No. 04-15979 <br> D.C. No. CV-02-00084-LEK <br><br><br> **JUDGMENT** |

Appeal from the United States District Court for the District of Hawaii (Honolulu).

This cause came on to be heard on the Transcript of the Record from the United States District Court for the District of Hawaii (Honolulu) and was duly submitted.

On consideration whereof, it is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is **VACATED and REMANDED**.

Filed and entered Friday, March 31, 2006

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

MAY 15 2006

by
Deputy Clerk

FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CHRISTOPHER MACDONALD,
    *Plaintiff-Appellant,*

v.

KAHIKOLU LTD., dba Frogman Charters,
    *Defendant-Appellee.*

No. 04-15979

D.C. No.
CV-02-00084-LEK

OPINION

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, Magistrate, Presiding

Argued and Submitted
February 14, 2006—San Francisco, California

Filed March 31, 2006

Before: Arthur L. Alarcón and M. Margaret McKeown,
Circuit Judges, and H. Russel Holland,* District Judge.

Opinion by Judge Alarcón

---

*The Honorable H. Russel Holland, Senior United States District Judge for the District of Alaska, sitting by designation.

3593

## SUMMARY

### Admiralty and Marine/Torts

The court of appeals vacated a judgment of the district court and remanded. The court held that, under the Jones Act, the common-law concepts of foreseeability and risk of harm are not applicable where the employer violates a federal statute or a Coast Guard regulation, if such conduct in whole or in part caused injury.

Appellant Christopher MacDonald brought suit in district court in Hawaii against appellee Kahikolu, Ltd., after suffering injuries while doing a free dive as part of his employment on one of Kahikolu's boats. MacDonald claimed that Kahikolu violated the Jones Act, 46 App. U.S.C. § 688, and Coast Guard regulations, by failing to provide him with a safe, proper, and suitable work environment. It was undisputed that Kahikolu failed to comply with Coast Guard diving regulations that make an operations manual available at a dive location. The district court concluded that Kahikolu's failure to comply with the regulations did not establish negligence per se liability under the Jones Act. The district court concluded that under *Fuszek v. Royal King Fisheries, Inc.*, 98 F.3d 514 (9th Cir. 1996), to establish negligence per se, a seaman in a Jones Act case must demonstrate that he or she was a member of the intended beneficiaries of a statute or Coast Guard regulation.

MacDonald appealed.

[1] The district court erred in concluding that, under *Fuszek*, to establish negligence per se, a seaman in a Jones Act case must demonstrate that he or she was a member of the intended beneficiaries of a statute or Coast Guard regulation. [2] *Fuszek* held that a seaman whose injuries were caused by a violation of a statute or a safety regulation could recover

damages under the Jones Act, and this recovery could not be reduced under the comparative fault defense.

[3] The Supreme Court has held that under the Jones Act, a violation of a statute or a Coast Guard regulation that causes the injury or death of an employee creates liability in the absence of any showing of negligence. The Court instructed that the general tort doctrine that an employer is liable for violation of a statutory duty only where the injury is one that the statute was designed to prevent is inapplicable under the Jones Act. [4] Thus, under the Jones Act, the common-law concepts of foreseeability and risk of harm are not applicable where the employer violates a federal statute or a Coast Guard regulation, if such conduct in whole or in part caused injury.

[5] It was not clear whether the district court applied the appropriate causation standard in determining that Kahikolu was not liable for MacDonald's injuries. Accordingly, the judgment of the district court had to be vacated and the case had to be remanded with instructions that the district court determine whether the failure of Kahikolu to comply with Coast Guard regulations played any part in producing Mac-Donald's injuries and enter a new judgment in accordance with that finding.

## COUNSEL

Howard G. McPherson, Cronin, Fried, Sekiya, Kekina & Fairbanks, Honolulu, Hawaii; John R. Hillsman, McGuinn, Hillsman & Palefsky, San Francisco, California, for the plaintiff-appellant.

Richard C. Wootton, Cox, Wootton, Griffin, Hansen & Poulous, LLP, San Francisco, California, for the defendant-appellee.

## OPINION

ALARCÓN, Circuit Judge:

Christopher MacDonald appeals from the final judgment entered following a bench trial before Magistrate Judge Leslie E. Kobayashi.[1] Mr. MacDonald seeks reversal on the ground that the trial court erred in concluding that the failure of Appellee Kahikolu, Ltd. ("Kahikolu"), doing business as Frogman Charters, to comply with the United States Coast Guard regulations codified at 46 C.F.R., Ch. I, Subch. V, Pt. 197 ("Coast Guard regulations") did not establish negligence per se liability under the Jones Act, 46 App. U.S.C. § 688. We vacate the judgment and remand for the limited purpose of having the district court make a finding as to whether Kahikolu's failure to provide an operations manual to the person-in-charge of the *Frogman II* vessel, as required the Coast Guard's scuba diving regulations, played any part in producing the injury, no matter how slight, to Mr. MacDonald.

## I

Kahikolu conducts whale watching, scuba, and snorkel tour boat cruises off the coast of Maui, Hawaii. Mr. MacDonald worked as a deck hand on Kahikolu's *Frogman II*, and was periodically required to do free dives to retrieve mooring lines that had sunk to the sea floor. Free dives are underwater dives on a single breath of air, without the use of scuba gear, surface supplied air, or surface supplied mixed-gas equipment. During such a free dive, Mr. MacDonald sustained an injury to his left ear when he attempted to equalize the hyperbaric pressure on descent.[2] The injury and subsequent treatment left

---

[1] The parties consented to the conduct of the trial by a United States Magistrate judge pursuant to 28 U.S.C. § 636(c)(1).

[2] The pressure to the ear drum which results from a free dive is equalized by holding the nose while the diver blows gently against it. Injury occurs if the diver blows too forcefully or too long.

Mr. MacDonald with permanently severe to profound hearing loss and related maladies.

Kahikolu did not provide an operations manual to the person-in-charge of commercial diving operations, as required by 46 C.F.R. § 197.420(a)(1), prior to Mr. MacDonald's free dive.[3]

Mr. MacDonald filed this action in the district court. He alleged three causes of action. He claimed that Kahikolu violated the Jones Act by failing to provide him with a safe, proper, and suitable work environment. He also sought damages on the ground that the vessel was not seaworthy. In his third cause of action, he asserted that he was entitled to maintenance and care because of Kahikolu's negligence and its failure to provide a vessel that was fit for its intended use.

At trial, each side presented an expert to testify regarding the cause of Mr. MacDonald's injury. Mark Almaraz testified on behalf of Mr. MacDonald that the failure to provide an operations manual, as required by the Coast Guard's scuba diving regulations, caused the injury. He opined that the presence of some safe dive practices for scuba divers would have improved the "safety culture" of Kahikolu's operations. Mr. Almaraz, also testified that he lacked any expertise about free diving, free diving training, or free diving safety issues. He stated that he was unaware of any Coast Guard regulations that apply to free divers. Mr. Almaraz further testified that free diving is an inherently dangerous activity and that a proper safe practices manual would not permit a seaman to free dive more than twenty feet.

---

[3]Section 197.420(a)(1) provides as follows:

(a)  The diving supervisor shall —

(1)  Provide an operations manual to the person-in-charge prior to the commencement of any diving operation.

Kahikolu presented Glennon Gingo as its expert. Mr. Gingo is an accomplished free diver. He has worked as a free diver and has coached the U.S. national free diving team in competition. He is the author of the YMCA's free diving training manual. He testified that free diving is a safe activity, easily learned with or without formal training. He also stated the most important part of learning to equalize pressure is by trial and error in the water.

The record shows that Mr. MacDonald was an experienced free diver before he was hired by Kahikolu. He worked eighty-six days before his injury and regularly made free dives to depths of thirty, forty, and fifty feet without ear pain or other ear related injury. He also knew how to equalize pressure in his ears before his injury.

After weighing the conflicting evidence, the district court found that Mr. MacDonald was an accomplished free diver who knew how to equalize the pressure in his ears safely through making frequent dives and talking to other free divers. The court further found that prior to Mr. MacDonald's injury, Kahikolu's employees had made thousands of free dives without injury from pressure in their ears. Based on these findings, the court concluded that "this is not a case where Plaintiff was performing inherently dangerous work, or where Plaintiff had no diving knowledge or experience." The court also found that "the evidence conclusively establishes that free diving is not inherently dangerous." The district court determined that negligence per se could not be established by Kahikolu's violation of the Coast Guard regulations because those regulations apply only to commercial scuba divers and not to employees who perform free dives.

The court concluded that by giving him inadequate training for doing free dives, Kahikolu had failed to provide Mr. MacDonald with a safe work environment. It held, however, that Kahikolu was not negligent because Mr. MacDonald failed to demonstrate that Kahikolu had notice of an unsafe condition.

The court denied Mr. MacDonald's claim for unseaworthiness, finding that the dive procedure and crew were reasonably fit for their intended purpose.

Mr. MacDonald has timely appealed from the district court's final judgment. In his opening brief, he expressly limited his appeal to his claim that the district court erred in holding that he failed to demonstrate per se liability under the Jones Act. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

## II

### A

The district court concluded that Mr. MacDonald failed to demonstrate that Kahikolu's violation of Coast Guard regulations constituted negligence per se, stating that "[b]ecause the Court finds that Plaintiff was a free diver and *not* a scuba diver, Defendant's violation of the Coast Guard diving regulations cannot be used to establish negligence per se." The district court also concluded that "[a] plaintiff under the Jones Act must establish the elements of negligence — duty, breach, notice and causation — which Plaintiff has here failed to do." In reaching its conclusion, the district court relied in part upon this court's statement of the elements of negligence per se under the Jones Act based on a regulation violation in *Fuszek v. Royal King Fisheries, Inc.*, 98 F.3d 514, 516 (9th Cir. 1996).

[1] Mr. MacDonald contends that the district court erred in concluding that this court held in *Fuszek* that to establish negligence per se, a seaman in a Jones Act case must demonstrate that he or she was a member of the intended beneficiaries of a statute or Coast Guard regulation. We agree. The question whether the vessel, its owner, or operator was negligent per se was not addressed in *Fuszek*. The issue before this court in *Fuszek* was whether the district court erred in reducing the

3600         MacDonald v. Kahikolu Ltd.

seaman's award by 25% because his injuries were partially due to his negligence.

We stated in *Fuszek* that

> [i]n these consolidated appeals we are called upon to determine whether section 3 of the Federal Employers Liability Act ("FELA"), 45 U.S.C. § 53, overrides the longstanding maritime doctrine of comparative fault in a situation in which a ship's violation of a safety regulation contributed to a seaman's injuries. Under the facts of this case, we hold that FELA precludes the reduction of damages on the ground of comparative fault.

*Fuszek*, 98 F.3d at 515.

[2] In *Fuszek*, the parties conceded that a Coast Guard regulation requiring all exposed machinery on board a vessel to have suitable hand covers was applicable under the facts presented at trial. *Id.* at 516. It was also "undisputed that Fuszek was injured by exposed machinery on board a vessel lacking a suitable hand cover. . . ." *Id.* at 516-17. We relied on the Fifth Circuit's decision in *Smith v. Trans-World Drilling Co.*, 772 F.2d 157, 160 (5th Cir. 1985) for the principle that a violation of a Coast Guard regulation "could amount to negligence *per se* under the Jones Act . . . ." *Id.* at 517. We stated in *Fuszek* that the holding in *Smith* — that the FELA precludes a reduction of a damages award for comparative negligence — was "consistent with our decision in *Kopczynski v. The Jacqueline*, 742 F.2d 555 (9th Cir. 1984)," where "we noted in passing that the seaman could have recovered in full (i.e., without any reduction for comparative fault) if he had been injured while at sea and his injuries had been due to negligence attributable to the violation of a Coast Guard regulation . . . ." *Id.* Thus, in *Fuszek*, we held for the first time, that a seaman whose injuries were caused by a violation of a statute or a safety regulation could recover damages under the

Jones Act, and this recovery could not be reduced under the comparative fault defense. *Id.*

**B**

Mr. MacDonald argues that we must reverse because the district court failed to apply the elements of "per se liability" under the Jones Act set forth in *Kernan v. American Dredging Co.*, 355 U.S. 426 (1958). Mr. MacDonald correctly notes that the district court, and this court, are compelled to obey the decisions of our nation's highest court. *See Hart v. Massanari*, 266 F.3d 1155, 1171 (9th Cir. 2001) ("Obviously, binding authority is very powerful medicine. A decision of the Supreme Court will control that corner of the law unless and until the Supreme Court itself overrules or modifies it. Judges of the inferior courts may voice their criticism, but follow it they must.").

[3] We agree with Mr. MacDonald that the district court erred in failing to "consider *Kernan* at all." In *Kernan*, the Supreme Court held that under the Jones Act, a violation of a statute or a Coast Guard regulation that causes the injury or death of an employee creates liability "in the absence of any showing of negligence . . . ." 355 U.S. at 431. The Court instructed that the general tort doctrine that an employer is liable for violation of "a statutory duty only where the injury is one which the statute was designed to prevent" is inapplicable under the Jones Act. *Id.* at 432.

The Court summarized its holding as follows:

> The FELA and the Jones Act impose upon the employer the duty of paying damages when injury to the worker is caused, in whole or in part, by the employer's fault. This fault may consist of a breach of the duty of care, analogous but by no means identical to the general common-law duty, *or of a breach of some statutory duty.*

*Id.* (emphasis added).

[4] Thus, under the Jones Act, the common-law concepts of foreseeability and risk of harm are not applicable where the employer violates a federal statute or a Coast Guard regulation, if such conduct in whole or in part caused injury. We held in *Oglesby v. Southern Pacific Trans. Co.*, 6 F.3d 603 (1993) that " 'an employee is entitled to recover damages if the employer's negligence played *any* part in producing the injury, no matter how slight.' " *Id.* at 609 (quoting *Taylor v. Burlington N. R.R.*, 787 F.2d 1309, 1313 (9th Cir. 1986) (emphasis in original)).

In this matter, it is undisputed that Kahikolu failed to comply with the Coast Guard's Commercial Diving Regulations that it make an operations manual available at a dive location to the person-in-charge and all members of the scuba dive team. Mr. MacDonald contends that his expert, Mr. Almaraz, established a causal connection when he testified that free dives to depths below twenty feet are unsafe and that a failure to have a scuba dive operations manual on board contributed to Mr. MacDonald's injury because such a manual "identifies any potential unsafe practices."

The district court judge credited Mr. Gingo's testimony over that of Mr. Almaraz in determining that dives to depths below twenty feet are not unsafe and that free diving is not inherently dangerous. Evidence presented by Kahikolu supports the district court's findings that safely equalizing pressure is an easily learned skill which does not necessarily require formal training, and that Mr. MacDonald was an accomplished free diver who was familiar with and knew how to equalize pressure in his ears.

[5] The record shows that the commercial diving regulations expressly applied only to persons using underwater breathing apparatus and not to free divers. It is not clear, however, whether the district court applied the appropriate causa-

MacDonald v. Kahikolu Ltd.                           3603

tion standard in determining that Kahikolu was not liable for Mr. MacDonald's injuries. Accordingly, we vacate the judgment and remand with instructions that the district court determine whether the failure of Kahikolu to comply with Coast Guard regulations played any part, " 'even the slightest,' " in producing Mr. MacDonald's injuries and enter a new judgment in accordance with that finding. *Oglesby*, 6 F.3d at 607 (quoting *Bertrand v. Southern Pac. Co.*, 282 F.2d 569, 573 (9th Cir. 1960)).

**VACATED AND REMANDED**. Each side shall bear its own costs.