1

```
 1              IN THE UNITED STATES COURT OF APPEALS
 2                      FOR THE NINTH CIRCUIT
 3      ------------------------------------------
 4      CHRISTOPHER MacDONALD,                              ORIGINAL
 5              Plaintiff-Appellant,
 6              vs.            Case No. 04-15979
 7      KAHIKOLU, LTD., dba Frogman Charters,
 8              Defendant-Appellee.
 9      ------------------------------------------
10
11
12                         APPEAL ARGUMENT
13
14                       February 14, 2006
15
16
17      Transcribed from CD by:
18      BEFORE:   BARBARA ACOBA, CSR No. 412, RPR
19                Notary Public, State of Hawaii
20
21      APPEARANCES:
22      For Plaintiff-Appellant:    HOWARD McPHERSON, Esq.
23                                  JOHN HILLSMAN, Esq.
24
25      For Defendant-Appellee:     RICHARD WOOTTON, Esq.
```

RALPH ROSENBERG COURT REPORTERS
Honolulu, Hawaii   (808) 524-2090   EXHIBIT A

1  JUDGE McKEOWN: But is -- but is the -- even if
2  it's not inherently unsafe, that doesn't mean that there
3  aren't limits to the safety of the sport itself,
4  correct?
5  MR. WOOTTON: She -- that's correct, but she
6  said it is a safe, easily learned skill. There's
7  nothing inherently unsafe about it. It can be practiced
8  in a safe manner. And that's, based on her findings,
9  what I am suggesting is that if you look at all of the
10 cases that talk about either the application of the
11 Pennsylvania Rule, which I think has nothing to do with
12 our case here, or the Kernan negligence per se rule,
13 whether it's under Section 51 or 53 or the common law,
14 which is a very tangled issue as you've seen in the
15 briefing, the Courts have said, you need to take a look
16 at whether not -- the test is not whether there is some
17 connection or a possible connection. The test,
18 according to the Wills case, is whether there is a
19 logical, reasonable connection between the alleged -- or
20 between the violation and the injury that follows, and I
21 think that's part of what has caused all the straining
22 in connection with these cases as it arises or as it
23 pertains to both the Pennsylvania Rule and the
24 negligence per se rule.
25 JUDGE McKEOWN: If the testimony is that it's

not inherently unsafe, but that if you had a dive manual it would tell you a level below which you shouldn't go without appropriate diving gear, why isn't that a logical, reasonable connection to the violation?

MR. WOOTTON: What I'm saying is that was the testimony of their expert. The Court rejected it. The Court, if you look at its findings, said this is a safe, easily learned skill.

JUDGE McKEOWN: It's two different things.

MR. WOOTTON: I understand. The evidence before the Court was additionally that there had been regularly dives to this depth and deeper, and this dive was a 47-foot dive.

JUDGE McKEOWN: Right.

MR. WOOTTON: And so the Court clearly adopted the point of view that making a dive like this was not unsafe. And the fact -- so what we would submit is the rejection of the Plaintiffs' expert, therefore --

JUDGE McKEOWN: Then there's no evidence on that point.

MR. WOOTTON: It rejects the logical, natural, causal connection between the activity which was performed and the reasons why you would apply negligence per se, leaving them really only with the argument that had there been a dive safety manual for scuba divers or