No. 04-15979

IN THE UNITED STATES COURT OF APPEAL

FOR THE NINTH CIRCUIT

**CHRISTOPHER MacDONALD,**

Plaintiff - Appellant,

v.

**KAHIKOLU, LTD., dba Frogman Charters,**

Defendant - Appellee,

On Appeal from the United States District Court
For the District of Hawaii
DC No. Cv-02-00084 LEK
The Honorable Leslie E. Kobayashi, Presiding Judge

# APPELLEE/RESPONDENT KAHIKOLU, LTD.'S PETITION FOR PANEL REHEARING
OF DEFENDANT - APPELLEE
KAHIKOLU, LTD., dba Frogman Charters

RICHARD C. WOOTTON (SBN 88390)
FREDERICK J. CARR (SBN 154457)
COX, WOOTTON, GRIFFIN,
HANSEN & POULOS, LLP
190 The Embarcadero
San Francisco, CA 94105
Telephone: 415-438-4600
Facsimile: 415-438-4601

Attorney for Defendant - Appellee
KAHIKOLU, LTD., dba Frogman Charters

EXHIBIT B

# TABLE OF CONTENTS

                                                                            **Page**

TABLE OF AUTHORITIES……………………….. iii

I. INTRODUCTION AND STATEMENT OF COUNSEL……..1

II. PERTINENT FACTS…………………………………….1

III. LAW AND ARGUMENT……………………….……….3

      A. Reconsideration is Available and Appropriate Here ……3

      B. This Court Did Not Give Sufficient Weight to the………4

          District Court's Finding of Fact

IV. CONCLUSION……………………………………….6

CERTIFICATE OF COMPLIACE WITH RULE 31(a)

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Amster v. United States District Ct.,*
   806 F.2d 1347 (9th Cir. 1986) .................................................................. 4

*Silva-Calderon v. Ashcroft,*
   371 F.3d 1135 (9th Cir. 2004) ................................................................. 4

## DOCKETED CASES

Christopher MacDonald v. Kahikolu Ltd.,
   No. 04-15979 ............................................................................................ 1

## FEDERAL STATUTES

46 C.F.R. §§ 197.200-197.480 ................................................................ 2

I. **INTRODUCTION AND STATEMENT OF COUNSEL**

Kahikolu, Ltd., Appellee in *Christopher MacDonald v. Kahikolu Ltd.*, No. 04-15979 seeks rehearing of the March 31, 2006 Panel decision (A.L. Alarcón) concerning the plaintiff's "negligence per se" cause of action. The Panel vacated the district court judgment and remanded the action for the sole reason and with the express instruction that "the district court determine whether the failure of Kahikolu to comply with Coast Guard regulations played any part, 'even the slightest,' in producing Mr. MacDonald's injuries...."

Kahikolu Ltd. seeks Panel rehearing on the above issue. Counsel respectfully submits that the Panel's Opinion overlooked material points of fact in its decision and believes that the district court's Statement of Facts and Conclusions of Law make it crystal clear that that court impliedly found that Kahikolu Ltd.'s failure to comply with Coast Guard regulations did ***not*** play any part, ***even the slightest***, in producing Mr. MacDonald's injury. As such, this action need not be remanded and the district court's April 28, 2004 decision should be affirmed.

II. **PERTINENT FACTS**

The district court opinion acknowledged under the heading of "Negligence Per Se" that "plaintiff argues that defendant was negligent because it violated

Coast Guard diving regulations, 46 C.F.R. §§ 197.200-197.480 and specifically § 197.420(a)(1)-(1), in failing to "[p]rovide an operations manual to the person in charge prior to the commencement of any diving operation; and ... [m]ake an operations manual available at the dive location to all members of the dive team." (District Court opinion p. 9 para. 6)  As the 9th Circuit Court correctly noted, it is "undisputed that Kahikolu failed to comply with [that] Coast Guard regulation." (Cir. Ct. opinion at 06 C.D.O.S., 2711, 2712)

This Court also recognized that "Mr. MacDonald *contends* that his expert, Mark Almaraz, established a causal connection between the duty to provide a dive manual and Mr. MacDonald's injury when he testified that free dives to depths below twenty feet are unsafe and that a failure to have a dive operations manual on board contributed to Mr. MacDonald's injury because such manual "identifies any potential unsafe practices."" (9th Cir. Ct. Opinion at CDOS p. 2712 (emphasis added))

The district court concluded however that:

1) "Defendant employs crewmembers ...whose daily job responsibilities include routinely making free dives... to depths in excess of 20 feet...." (Finding of Fact No. 5.)

2) "Because the deckhands' duties included free diving, Defendant only hired

        into the position people with at least a base level of competence in free diving." (Finding of Fact No. 6.)

3)     "Plaintiff was an experienced swimmer who met a base level of competence in free diving and quickly became an accomplished free diver." (Finding of Fact No. 7)

4)     "[T]he court finds that free diving is not an inherently dangerous activity, and safely equalizing pressure is an easily learned skill, - - often times without formal training and through mere trial and error." (Finding of Fact No. 9.)

5)     "Plaintiff worked 86 days and made 120 trips as a deckhand before his injury [] and regularly and frequently made free dives to depths of 30, 40, and 50 feet without apparent ear pain or other ear-related injury. [] The Court finds, from the evidence, that Plaintiff as an accomplished free diver. … As a result, the Court further finds that Plaintiff was familiar with and knew how to safely equalize pressure in his ears." (Finding of Fact No. 19.)

## III. LAW AND ARGUMENT

### A. Reconsideration is Available and Appropriate Here

As this Court well knows, "[t]he purpose of petitions for rehearing, by and large, is to ensure that the Panel ***properly considered all relevant information*** in

rendering its decision." *Amster v. United States Dist. Ct.,* 806 F.2d 1347, 1356 (9th Cir. 1986) (Emphasis added)  Consistent with *Amster's* mandate, this court granted rehearing in a case after it had held that it lacked jurisdiction to review the plaintiff's procedural due process claims.  The court granted plaintiff's motion for rehearing on the grounds that the original record on appeal was incomplete and suggested that the plaintiff had not exhausted his administrative remedies when in fact he had. *Silva-Calderon v. Ashcroft,* 371 F.3d 1135 (9th Cir. 2004)  Likewise, Kahikolu Ltd. respectfully submits that the Panel did not give sufficient weight to the district court's findings of fact and if it had, it would have concluded that the district court had unequivocally, impliedly found that the failure to have a dive operations manual on board the vessel at the time of the incident giving rise to plaintiff's injury, played no part, "even the slightest," in causing the injury.

## B. This Court Did Not Give Sufficient Weight to the District Court's Findings Of Fact

After extensive consideration of the arguments presented by the parties, the district court impliedly dismissed plaintiff's contention that his expert, Mark Almaraz, "established a causal connection between the duty to provide a dive manual and Mr. MacDonald's injury when he testified that free dives to depths below twenty feet are unsafe and that a failure to have a dive operations manual on

board contributed to Mr. MacDonald's injury because such manual "identifies any potential unsafe practices."" (9th Cir. Ct. opinion at CDOS p. 2712 (emphasis added)).

In order for the lack of a dive manual to have played a part in causing the plaintiff's injury, it would have had to identify free diving below 20 feet as an "unsafe practice." Only in that way could there be *any* causal connection to the plaintiffs' injury. However, the district court concluded from several different perspectives that diving below 20 feet was simply *not* unsafe.

As the district court found, "Defendant employs crewmembers ...whose daily job responsibilities include *routinely making free dives... to depths in excess of 20 feet....*" (Finding of Fact No. 5.) Defendant only hired into the position people with *at least a base level of competence* in free diving." (Finding of Fact No. 6.) "*Plaintiff ... met a base level of competence in free diving and quickly became an accomplished free diver.*" (Finding of Fact No. 7) "*Plaintiff was an accomplished free diver.*" (Finding of Fact No. 19.) "*[F]ree diving is not an inherently dangerous activity, and safely equalizing pressure is an easily learned skill,* - - often times without formal training and through mere trial and error." (Finding of Fact No. 9.)

While Kahikolu Ltd. agrees that the district court never *expressly* stated that

it believed that the lack of a dive operations manual did not play any part, even the slightest, in causing Mr. MacDonald's injury, it is unequivocal that the *even if* such a manual had been on board the vessel, it would have had to provide that free diving below 20 feet was unsafe. That is a conclusion that the district court considered at length and ***expressly rejected***: "*[F]ree diving is **not** an inherently dangerous activity.*" Had the court stated that free diving *could* be dangerous, or was dangerous at the depth that the plaintiff was diving when injured, plaintiff would have met his slight burden of proof in regard to causation, but that simply and clearly was not the case here.

## IV. CONCLUSION

For the foregoing reasons, Kahikolu Ltd. respectfully requests rehearing of the issues identified above or that the Panel withdraw its March 31, 2006 decision and issue a new decision affirming the district court judgment.

Dated: April 13, 2006

COX, WOOTTON, GRIFFIN,
HANSEN & POULOS, LLP
Attorneys for Defendant KAHIKOLU, LTD.
dba Frogman Charters

By: _____
Richard C. Wootton

## **CERTIFICATE OF COMPLIANCE WITH RULE 32(a)**

This brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B) because this brief contains 1,246 words, excluding the parts of the brief exempt by Fed. R. App. P. 32(a)(7)(B)ii.

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 97 in 14 point and Times New Roman style.

Dated: April 13, 2006                          COX, WOOTTON, GRIFFIN,
                                               HANSEN & POULOS, LLP
                                               Attorneys for Defendant-Appellee
                                               KAHIKOLU, LTD.
                                               dba Frogman Charters

                                               By: _____
                                                   Richard C. Wootton

## PROOF OF SERVICE

Case:   **Christopher MacDonald v. Kahikolu, Ltd dba Frogman Charters**

Case No.:   **U.S. Court of Appeal, 9th Circuit Docket No.: 04-15979**

I am employed in the City and County of San Francisco by the law firm of COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP, 190 The Embarcadero, San Francisco, California 94105. I am over the age of 18 years and not a party to the within action.

On April 13, 2006, I served the attached document(s):

**APPELLEE/RESPONDENT KAHIKOLU, LTD.'S
PETITION FOR PANEL REHEARING**

on the parties, through their attorneys of record, by placing copies thereof in sealed envelopes (except facsimile transmission(s)), addressed as shown below, for service as designated below:

(A)   By First Class Mail: I caused each such envelope, with first-class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. mail in San Francisco, California, for collection and mailing to the addressee on the date indicated.

(B)   By Personal Service: I caused each such envelope to be personally delivered to the addressee(s) by a member of the staff of this law firm on the date indicated.

(C)   By Messenger Service: I caused each such envelope to be delivered to a courier employed by FIRST LEGAL SUPPORT SERVICES, with whom we have a direct billing account, who personally delivered each such envelope to the addressee(s) on the date indicated.

**(D)** <u>By Federal Express</u>: I caused each such envelope to be delivered to Federal Express Corporation at San Francisco, California, with whom we have a direct billing account, to be delivered to the addressee(s) on the next business day. I deposited each such envelope/package at the 180 Steuart Street location of Federal Express Corporation.

**(E)** <u>By Facsimile</u>: I caused such document to be served via facsimile electronic equipment transmission (fax) on the party(ies) in this action by transmitting a true copy to the following fax numbers:

| SERVICE | ADDRESSEE | PARTY REPRESENTED |
|---|---|---|
| C | Office of the Clerk<br>U.S. Court of Appeals<br>95 Seventh Street<br>San Francisco, CA 94103<br>Tel: (415) 556-9730 | An Original & 3 Copies |
| A, E | Howard G. McPherson<br>Cronin Fried Sekiya Kekina & Fairbanks<br>841 Bishop St., Ste. 600<br>Honolulu, HI 96813<br>Tel: (808) 524-1433<br>Fax: (808) 536-2073 | Attorney for Appellant Christopher MacDonald (2 Copies) |
| C | John R. Hillsman<br>McGuinn, Hillsman & Palefsky<br>535 Pacific Ave.<br>San Francisco, CA 94133<br>Tel: (415) 421-9292<br>Fax: (415) 403-0202 | Co-Counsel for Appellant (2 Copies) |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed in the office of a member of
the bar of this court at whose direction the service was made. Executed this April 13, 2006, at San Francisco, California.

/S/
―――――――――――――――
Terri M. Yee